In re LEVIN.

(District Court, E. D. Pennsylvania. February 11, 1904.)

No. 1,811.

1. BANKRUPTCY—SECRET LIEN—EVIDENCE CONSIDERED.
    Evidence *held* insufficient to sustain a finding by a referee that a transaction was in fact a sale of goods to the bankrupt with reservation of a lien in the seller, and not a consignment, as claimed.

In Bankruptcy. On certificate from referee.

Russell C. Stewart and Joseph H. Stoffelt, for bankrupt.
Kirkpatrick & Maxwell, for creditor.

J. B. McPHERSON, District Judge. It is undoubtedly true that the form of the transaction is of little consequence, if the real purpose behind it is to cover up the vendee's true interest in goods that have come into his possession, and thus to enable the vendor to gain an advantage over other creditors to which he is not in truth entitled. As was said by the supreme court of Pennsylvania in Thompson v. Paret, 94 Pa. 275 (and this statement was approved in Peek v. Heim, 127 Pa. 500, 17 Atl. 984, 14 Am. St. Rep. 865):

"Whatever the form of the agreement, if its purpose was to cover up a sale and preserve a lien in the vendors for the price of the goods it was void as respects creditors, whether the credit was given before or after the delivery of the goods. A consignment for such object was no better than any other device."

The referee was of opinion that the transaction between Jacob Steinberg and the bankrupt was a sale of merchandise, and not a consignment, and upon that view of the facts his order is right. I find myself unable, however, to agree with this estimate of the evidence. To my mind, it seems as a whole to point distinctly in the other direction, although it must be conceded that in part it sustains the referee's conclusion.

The order is therefore set aside, and the trustee is directed to return so many of the goods specified in the petition as remain in his custody.